## WELSH *vs.* LLOYD.

To charge a judge and those who act in obedience to his mandate, as trespassers, he must have assumed an unwarrantable jurisdiction of the matters in dispute ; all his acts in such case are but the acts of a private person, and his judgments *coram non judice*, and mere nullities. Being nullities, his acts amount to usurpation and oppression, and he must be held answerable for such criminal conduct. He is excused for mistakes or errors of judgment.

Upon a proper showing, made by an administrator, the probate court has authority to compel a person to appear before that court, and disclose the evidences of debt in his possession, belonging to the estate of the intestate—and that, too, by attachment and imprisonment.

It is the duty of the administrator, and of the probate court, to see that the property of the estate be taken care of—and in the exercise of this duty, neither the court issuing its process, or the sheriff executing it, are trespassers.

THIS was an action of trespass, for false imprisonment, determined in the Lawrence Circuit Court, at October term, 1843, before the Hon. THOMAS JOHNSON, one of the circuit judges. Welsh sued Lloyd, McCarroll and Kelloth, for trespass, *vi et armis*, the declaration containing but one count in the ordinary form. At the trial, the defendants severed in their pleading, each put in the general issue, and Lloyd filed a special plea of justification; that before the supposed assault was alleged to have been done, to wit, on the 1st day of October, 1842, at &c., the said Lloyd was duly and regularly

commissioned, and qualified, Judge of the probate court, of said county of &c.; and so, from thence hitherto hath continued: and at Oct. term of said court, 1842, one R. B., as adm'x of J. S. B., appeared in open court and made oath that she had good reason to believe, that the plaintiff, W., had embezzled, and concealed, a large amount of silver and bank notes, belonging to the estate of said J. S. B., and had good reason to believe that W. had concealed a large amount of the goods and chattels, papers and evidences of debt belonging to said estate; to which affidavit, on file in the probate court, appropriate reference was made. Whereupon, in conformity with the statute in such case made and provided, to wit, at &c., J. B. W., clerk of said probate court, under his hand as clerk, and the official seal of said court, on the 10th day of Nov., A. D., 1842, did make a certain writ of citation, the form of which is as follows, to wit, here the entire writ, with attestation and seal is fully set out—which was then, there delivered to T. Mc C., the sheriff of said county, and by him executed upon said W., by leaving a copy thereof with a white member of the family, over 15 years of age, and informing him of its contents, which writ and citation was then, there duly and regularly returned into the office of the clerk of said probate court, and thereupon the said W., not appearing in conformity with said writ, as by law he was bound to do, the said Lloyd, at the Jan. term of said probate court, A. D. 1843, and as the judge thereof, and while sitting and presiding therein as such judge, as by law he had a right to do, to wit, on the 19th day of Jan., 1843, did direct an order to be entered on the record of said court, as by reference thereto, will appear, by which it was declared that the said W., having been regularly cited to appear at said court to answer said charge of said adm'x, and failing to appear, it was therefore ordered, adjudged, and considered, by said court, that a writ of attachment issue against said W., returnable forthwith; whereupon in conformity with said order, and the statute in such case made and provided, J. B. W., the clerk of said court of probate, did on the 19th day of Jan., 1843, at &c., make a certain other writ, under his hand as clerk, and the proper seal of said court, the form of which is as follows, to wit; here the attachment is fully and particularly set out, word for

word; which was then there delivered to one B. K., then deputy sheriff of said county, under the said T. Mc C., sheriff of said county, by virtue of which the said K., as such deputy sheriff, afterwards, to wit, on the said 19th day of Jan., 1843, attached the said plaintiff, and accordingly brought him before said court, according to the command of said court, as he might lawfully do, to be examined before said court touching the complaint mentioned in said writ, and was then there detained under, and by restraint of, said writ, as he lawfully might be until he was discharged, for the space of three days, as complained of in said declaration, which is residue of said trespass, assault, and imprisonment, mentioned in said declaration, and the same trespass, assault, and imprisonment, entitled to be mentioned in said declaration and no other; and this &c., concluding in common form. To this plea Welsh demurred; and assigned four causes; 1st, that the plea did not allege that the subject matter was within the jurisdiction of the probate court of Lawrence county; 2d, that it did not show any matter within the jurisdiction of the probate court; 3d, because the plea is wholly insufficient in law; and 4th, because the plea was in other respects insufficient and uncertain. Joinder in short, and judgment for defendant on demurrer, the plaintiff having refused to reply. Mc Carroll then pleaded a similar plea with same result. Welsh appealed.

*Pope,* for appellant.

*Wm. Byers,* contra.

*By the Court,* LACY, J. This is an action of trespass, *vi et armis,* and for false imprisonment. The defendants pleaded a special justicacation, and the only question for us to decide is, was the plea good? The validity or insufficiency of the plea, depends on the jurisdiction that the constitution and laws give the probate court. The facts are properly pleaded, and will bar the action, provided the probate court had jurisdiction over the subject matter, upon which they proceeded to adjudicate. Upon an application supported by affidavit of Rachel Brown, as the administratrix of the estate of James S. Brown, the

probate court issued its process, commanding the plaintiff in error, to come before that tribunal and disclose the evidences of debt in his possession belonging to the estate, and this was the force and restraint complained of in the declaration, and justified by the defendants. By the 10th section of the 6th article of the constitution, it is declared that the probate court "shall have such jurisdiction in all matters relative to the estates of deceased persons, executors, administrators, and guardians, as may be prescribed by law, until otherwise directed by the general assembly." The acts organizing the probate courts and defining the powers of executors, and administrators, make it among their most important duties to preserve the estate of deceased persons, and to collect and take into possession the goods, chattels, moneys, books, papers, and evidences of debt belonging to the estate; and in aid of this power, the 47th section of the administration law, gives the probate court authority to issue process and compel the attendance of persons by attachment and imprisonment.

The true inquiry here is, was the process in this case, which was issued by the probate court, void or voidable? If the court had jurisdiction over the subject matter, although in the exercise of its power, it may have acted wrongfully; still its process and judgments, being improvident and illegal, are nevertheless voidable and not void. To charge a judge and those who act in obedience to his mandate, as usurpers and trespassers, he must have assumed an unwarrantable jurisdiction of the subject matter in dispute, and all his acts in such cases are but the acts of a private person, and his process and judgments are *coram non judice,* and mere nullities. Being mere nullities, his acts are then considered as amounting to usurpation and oppression, and it is then but right and just to hold him answerable for such criminal conduct. But the law, upon principles of policy, necessity and public justice, excuses him in his official capaciy, for mistakes or errors of judgment, upon the ground that human reason, however perfect and exalted, is still frail and liable to be deceived. These principles, the authorities fully establish, and their application to the case under consideration clearly shows, that the probate court, both by the constitution and the laws, had unquestionable jurisdiction over the subject matter; and that it was the duty of the administratrix and of the

court, to see that the estate was taken care of, and its evidences of debt reduced into possession; and therefore the acts of the probate court are not void, and consequently neither the judge that issued the process, nor the sheriff that executed it, are trespassers or usurpers, and of course the demurrer to the plea was rightfully overruled.

Let the judgment be affirmed.